# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MICHAEL G.,**     **Plaintiff,**     v.   **FRANK BISIGNANO, Commissioner of Social Security,**     **Defendant.** | **CIVIL ACTION NO. 24-1870** |

## MEMORANDUM OPINION

**Rufe, J.**                                                                                                           **August 20, 2025**

Plaintiff Michael G.[1] appeals the decision of the Commissioner of the Social Security Administration ("SSA")[2] denying his claim for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Title II and Title XVI of the Social Security Act, respectively. Plaintiff seeks reversal of the Commissioner's decision, arguing that the Administrative Law Judge's ("ALJ") finding that he is not disabled was not based on substantial evidence. The Commissioner argues that the ALJ's determination was supported by substantial evidence and should therefore be upheld.

The Court referred the case to United States Magistrate Judge Pamela A. Carlos, and the matter was reassigned to United States Magistrate Judge Caroline Goldner Cinquanto.[3] Magistrate Judge Cinquanto issued a Report and Recommendation ("R&R") that the

---

[1] Consistent with the practice of this district to protect the privacy interests of plaintiffs in social security cases, the Court refers to Plaintiff using his first name and last initial. *See* Standing Order (E.D. Pa. June 10, 2024).

[2] Frank Bisignano was appointed Commissioner of Social Security on May 6, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Mr. Bisignano should be substituted as the defendant in this case.

[3] Order [Doc. No. 13].

Commissioner's decision to deny benefits be affirmed.[4] Plaintiff filed objections to the R&R.[5] Defendant did not file any response to Plaintiff's objections. Upon this Court's careful, independent consideration of the administrative record, the parties' submissions, and the applicable law, the Court will approve and adopt the R&R, overrule Plaintiff's objections to the R&R, and affirm the Commissioner's decision to deny benefits.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

The R&R thoroughly details the background of this case,[6] and therefore, the Court provides only an abbreviated version.

Plaintiff applied for DIB and SSI on March 15, 2022, alleging onset of disability on November 19, 2019.[7] He has an eighth-grade education, and his prior work experience includes working as a copier/fax machine cleaner, telemarketer, and food delivery driver.[8] In his application, Plaintiff alleged that his ability to work is limited by attention deficit hyperactivity disorder ("ADHD"), bipolar disorder, post-traumatic stress disorder ("PTSD"), obsessive compulsive disorder ("OCD"), depression, anxiety, intermittent explosive disorder, obstructive defiance disorder, learning disability, memory problems, and a back injury.[9]

After Plaintiff's application was denied on August 12, 2022, and denied again upon reconsideration on March 3, 2023, an administrative hearing was held on August 18, 2023 by an ALJ who determined that Plaintiff was not disabled for purposes of receiving DIB and SSI.[10] At

---

[4] R&R [Doc. No. 14].

[5] Objs. R&R [Doc. No. 15].

[6] R&R at 2-17 [Doc. No. 14].

[7] *Id.* at 2.

[8] *Id.*

[9] *Id.*

[10] *Id.*

the hearing, Plaintiff testified that he cannot work because he cannot maintain focus, suffers from flashbacks, is hyperactive, and gets annoyed very quickly.[11] He testified to his experience with his OCD and ritualistic behaviors.[12] Plaintiff also testified that he experiences panic attacks multiple times a week and suffers from insomnia due to nightmares and cold sweats.[13] Finally, Plaintiff testified that he currently takes Klonopin, Lexapro, and Seroquel, which help him remain focused, have fewer outbursts, and not get as angry, but which give him side effects including restless leg syndrome, some headaches, some nausea, and sedation.[14] In consideration of Plaintiff's symptoms and the opinions of several medical professionals, including Plaintiff's treating psychiatrist Dr. Jeanne Cohen, the ALJ found that Plaintiff's impairments did not rise to the level of a disability and that Plaintiff had a residual functioning capacity ("RFC") to perform:

> [A] full range of work at all exertional levels but with the following nonexertional limitations: can understanding, remember and carry out detailed but not complex instructions at a job that has few workplace changes and is not dependent on public interaction; cannot perform production rate or assembly line work; and can work in proximity to others but not in tandem with them or as part of a team.[15]

When asked what type of work a hypothetical person with the limitations outlined in the RFC could perform, the vocational expert ("VE") named Plaintiff's prior work experience as a machine cleaner, along with the jobs of floor cleaner, night cleaner, and inspector packer.[16]

The Appeals Council denied Plaintiff's request for review, and Plaintiff then filed an action in this Court. Plaintiff argued that the ALJ did not properly evaluate and weigh the medical opinion evidence and medical evidence of record—specifically the opinion of Dr.

---

[11] R. 51 [Doc. No. 8-2].

[12] R. 51-52 [Doc. No. 8-2].

[13] R. 51-52 [Doc. No. 8-2].

[14] R. 52-53 [Doc. No. 8-2].

[15] R. 22 [Doc. No. 8-2].

[16] R. 55-56 [Doc. No. 8-2].

Cohen—and accordingly, the ALJ's determination that he is not disabled was not supported by substantial evidence.[17] Defendant responded that the ALJ's decision is supported by substantial evidence and the ALJ complied with governing regulations in considering the opinion evidence.[18] The R&R agreed with the Commissioner, finding that the ALJ properly evaluated the record and that the ALJ's findings were supported by substantial evidence.

Plaintiff objected to the R&R, arguing that the R&R erred in finding that the ALJ properly found Dr. Cohen's medical opinion unpersuasive.[19] Defendant did not file a response within the provided timeframe. The matter is thus fully briefed and ripe for resolution.

## II. STANDARD OF REVIEW

The Social Security Act provides for judicial review by a district court of any "final decision of the Commissioner of Social Security" in a disability proceeding.[20] Upon review, a district court may enter a judgment "affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."[21] The Commissioner's findings "as to any fact, if supported by substantial evidence, shall be conclusive."[22] Accordingly, the Court's scope of review is limited to a plenary review of all legal issues and a determination of whether the ALJ's findings of fact are supported by substantial evidence.[23]

---

[17] Pl.'s Request for Review at 2-3 [Doc. No. 9]; Pl.'s Response [Doc. No. 11].

[18] Def.'s Reply at 7-12.

[19] *See* Objs. R&R [Doc. No. 15].

[20] 42 U.S.C. § 405(g).

[21] *Id.*

[22] *Id.*

[23] *Schaudeck v. Comm'r of Social Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999).

"Substantial evidence" refers to "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[24] The required amount is "more than a mere scintilla," but less than a preponderance of the evidence.[25] If the ALJ's factual findings were based on the correct legal standards and were supported by substantial evidence, the district court is bound by them, "even if [such court] would have decided the factual inquiry differently."[26] The substantial evidence standard is "deferential and includes deference to inferences drawn from the facts if they, in turn, are supported by substantial evidence."[27]

Finally, in considering whether to approve the R&R of a magistrate judge, a district court must review *de novo* those portions of the R&R to which a party has objected.[28] The district court may, in its discretion, "accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[29]

### III.    SOCIAL SECURITY LAW

An ALJ reviewing an application for disability benefits must employ a five-step process as established by the SSA.[30] At step one, the ALJ must decide whether the applicant is engaged in substantial gainful activity. If he is, the claim is denied.[31] If the applicant is not, then the ALJ must determine at step two whether the applicant has a "severe impairment" that significantly limits her physical or mental ability to work.[32] If the applicant suffers from such an impairment,

---

[24] *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted).

[25] *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988).

[26] *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001).

[27] *Schaudeck*, 181 F.3d at 431.

[28] 28 U.S.C. § 636(b)(1)(C).

[29] *Id.*

[30] 20 C.F.R. § 404.1520. *See also Sykes v. Apfel*, 228 F.3d 259, 262-63 (3d Cir. 2000).

[31] 20 C.F.R. §§ 404.1520(b), 416.920(b); *see also Bowen v. Yuckert*, 482 U.S. 137, 140 (1987).

[32] 20 C.F.R. §§ 404.1520(c), 416.920(c).

the ALJ must decide at step three whether the impairment meets the criteria for any of the impairments conclusively presumed to be disabilities, which are listed in Part 404, Subpart P, Appendix 1, or whether he has an equivalently debilitating medical condition.[33] If the applicant does not suffer from such an impairment, the ALJ must decide at step four whether the applicant has the residual functioning capacity ("RFC") to perform past relevant work.[34] If the applicant does not have the RFC to perform past work, the burden shifts to the ALJ at step five to establish that the applicant has the RFC to perform other work that exists in the national economy.[35] If the ALJ cannot demonstrate that the applicant has the RFC to perform existing work, the ALJ must find the applicant to be disabled.

## IV. DISCUSSION

Plaintiff argues that the ALJ's decision at steps three and four—that Plaintiff's impairments do not rise to the level of disability as contemplated in the Social Security Act and that Plaintiff has the RFC to perform his past work—was not supported by substantial evidence. Plaintiff objects to the R&R's decision as to Dr. Cohen, arguing that the R&R erred in finding that the ALJ properly evaluated the medical opinion evidence when he rejected Dr. Cohen's opinion and instead found persuasive the opinions of the record reviewers and consultative examiners that Plaintiff suffers no marked or extreme limitations in his ability to perform his prior work.

Dr. Cohen is Plaintiff's treating psychiatrist. She provided medical records, including assessment and diagnoses, medication management and progress notes, treatment plans, and

---

[33] *See* 20 C.F.R. §§ 404.1520(d), 416.920(d).

[34] 20 C.F.R. §§ 404.1520(e), 416.920(e).

[35] *Id.*

psychological evaluations spanning from 2018 to 2023.[36] Plaintiff sees Dr. Cohen twice a month and a therapist once a month.[37] The R&R provides a thorough summary of these records, which the Court adopts and incorporates here.[38] Plaintiff argues that the ALJ did not assign sufficient persuasive weight to Dr. Cohen's opinion and erred in discrediting Dr. Cohen's opinion based on the following: a mental status examination by Martha DiPrinzo, MA; instances of patient's clear speech, normal affect, and absence of suicidal/homicidal ideation; the "conservative" nature of plaintiff's treatment; that plaintiff admitted his symptoms improve with medication; and that plaintiff's prior work as a delivery driver evidences ability to concentrate.[39]

The Court agrees with the R&R that the ALJ properly explained the weight given to Dr. Cohen's opinion. Where evidence conflicts, the ALJ may choose which evidence to credit so long as he does not "reject evidence for no reason or for the wrong reason."[40] The ALJ is not required to undertake an "exhaustive discussion of all the evidence;" it is sufficient so long as the reviewing court can determine that the ALJ's decision is supported by substantial evidence.[41] Here, the ALJ adequately explained why he found Dr. Cohen's assessment unpersuasive:

> Dr. Cohen's assessment is not persuasive because it is not consistent with mental status examinations, the type of treatment received by the claimant, nor the record as a whole. The claimant had improved with both individual therapy and medications but continued to experience life stressors that exacerbated his symptoms; however, he admitted he was better able to handle his symptoms due to medications and therapy (Exhibits 10F, 11F). As discussed above, the record documents the claimant's subjective complaints of anxiety, but there is no indication that it results in disabling functional limitations. For example, although

---

[36] *See* R., Ex. 1F, 5F, 6F, 10F, 11F, 12F [Doc. No. 8-7].

[37] R. 755 [Doc. No. 8-7].

[38] R&R at 8-14 [Doc. No. 14].

[39] Objs. R&R at 3-4 [Doc. No. 15].

[40] *Rutherford v. Barnhart*, 399 F.3d 546, 554 (3d Cir. 2005).

[41] *Hernandez v. Comm'r of Social Sec.*, 89 Fed. App'x 771, 773–74 (3d Cir. 2004); See also *Hur v. Barnhart*, 94 Fed. App'x 130, 133 (3d Cir. 2004) ("There is no requirement that the ALJ discuss in its opinion every tidbit of evidence included in the record").

>  the claimant testified that he cannot maintain employment due to concentration difficulties, he worked successfully for quite a few years, as recently as 2021, as a delivery driver, a job that requires considerable concentration. At a July 2021 mental status evaluation there was only a mild impairment in attention, concentration, and memory (Exhibit 4F). Treatment records from Dr. Testa note on July 28, 2020 and again on September 24, 2020 that claimant's cognitive functions were intact (Exhibit 2F, pp. 9, 15). Moreover, Therapy records from 2022 and 2023 revealed that the claimant had clear speech, normal affect, and no suicidal or homicidal ideation (Exhibit 11F, pp. 12, 20, 28, 36, 47, 55, 67, 80, 153, 160). Unfortunately, Dr. Cohen did not include her own mental status examination results throughout 2020 to 2023 for each visit to support her assessment.[42]

The ALJ's decision to reject Dr. Cohen's opinion concerning Plaintiff's alleged "extreme" or "marked" limitations in a variety of functions concerning the mental ability to do basis work activity was supported by substantial evidence.[43]

The evidence that the ALJ relied on—*inter alia*, conflicting evaluations from Plaintiff's therapist and other evaluators, instances of patient's clear speech, normal affect, and absence of suicidal/homicidal ideation, the "conservative" nature of plaintiff's treatment, Plaintiff's own admission that his symptoms improve with medication, and plaintiff's prior work as a delivery driver—supports the ALJ's decision to deny benefits.[44] An ALJ considers medical opinions when assessing whether a claimant is disabled but need not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s)."[45] Rather, the ALJ assesses the persuasiveness of medical opinions, and in doing so, need only explain how he considered the "most important" factors of consistency and supportability.[46] Here, the ALJ

---

[42] R. 30-31 [Doc. 8-2].

[43] Dr. Cohen opined that Plaintiff has a marked or extreme limitation in 29 of the 44 competencies reflected in the SSA's regulations. R. 1094-97 [Doc. No. 8-7].

[44] R&R at 21-27 [Doc. No. 14].

[45] 20 C.F.R. § 404.1520c(a).

[46] 20 C.F.R. §§ 404.1520c(b)(2)-(3).

addressed these factors: he explained that Dr. Cohen did not support her opinion with her mental status examination results through 2020 to 2023 and identified conflicting evidence in the record that demonstrated a lack of consistency between the rest of the record and Dr. Cohen's opinion.

As a final point, Plaintiff argues that the ALJ "cherry-picked" evidence in the record to refute Dr. Cohen's opinion while at the same time, puzzlingly, accusing the ALJ of engaging in only a "broad-brushed" review of the record. As it were, it seems that Plaintiff is satisfied neither with the ALJ looking at the medical record as a whole nor with the ALJ looking at specific entries and evidence in the record. The ALJ did both and, nevertheless, Plaintiff asks this Court to go beyond its limited scope of review, re-weigh the evidence, and determine that Dr. Cohen's opinion was persuasive. The Court declines to do so: the Third Circuit has made clear that a court reviewing an administrative decision is "not permitted to weigh the evidence or substitute [its] own conclusions for that of the fact-finder."[47]

From the Court's *de novo* review of the R&R and the underlying record, the ALJ carefully reviewed the medical record and made a proper determination based on substantial evidence. Therefore, the Court overrules Plaintiff's objections relating to the ALJ's treatment of Dr. Cohen's opinions.

### V.   CONCLUSION

For the foregoing reasons, this Court overrules Plaintiff's objection to the R&R, approves and adopts the R&R, and denies Plaintiff's request for review. And order will be entered.

---

[47] *Burns v. Barnhart*, 312 F.3d 113, 118 (3d Cir. 2002) (citing *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992)).